The opinion of the Court was delivered by
Evans, J.
It is admitted, that if one sues, or is sued, by a wrong name, it would be fatal if pleaded in abatement, unless the jury should find that the party was known as well by one name as the other. But it is said that P, E, R, A and G, H are not names, but the initial letters of names, and that the use of them is not a misnomer, but a misdescription apparent on the face of the record, and, therefore, the proper subject of a special demurrer. It may be true, as alleged, that these are but the initials of names, but how can that be known ? May not one be baptized by the name of F, as well as the name of Frederica, or G H, as well as George Henry? The argument is, that the names should be spelled out, and because F, G and H are consonants, therefore not simple sounds, instead of the letter, which represents the compound sounds of those letters, the name of the letter should be spelled, so that if the name be F, it should be spelled out Ef. I am aware there are some recent cases in England which sustain this' notion, as Miller vs. Hay, (3 Exchr. Rep. 14), and Nash vs. Calder, (57 Eng. C. L. R. 177), the substance of which is, that, because E is a vowel and a simple sound, that may be a name ; but because B is a consonant and a compound sound, it is no name unless you spell it, Be. Now this, to my mind, has no sensible meaning. Letters are the representatives of sounds, and I am wholly unable to see any reason why a simple sound may be represented by a letter but a compound sound may not. The one conveys as clear an idea to the mind as the other.
Since the argument of this case, a friend has pointed my attention to the case of Regina vs. Dale, decided in the last year, and reported in the 5 English Law and Equity Reports, 360, *329 which was a sci. fa. on a recognizance of bail taken before Sir B. Townsend and J. H. Harper. Speaking of the initials of these parties, Lord Campbell said: “ But I do not know that these are initials. I do not know that they were not baptized with these names, and I must say that I cannot acquiesce in the distinction made in the cases referred to, that a vowel may be a name but a consonant cannot. I allow that a vowel may be a Christian name, and why may not a consonant be? Why may not parents, for a reason good or bad, say, that their children should be baptized by the' name B, C, D, F or H ? I am just informed by a person of most creditable authority, that within his own knowledge a person has been baptized by the name of T.” I might add to this, that in all our cases, the use of initials has been treated as misnomer and pleaded in abatement; such was the case of A. O. Norris,. (4 Strob. 32); The City Council vs. A. W. King, (4 McC. 437), and all the other cases which have been decided on this subject. We think, therefore, there is nothing which can avail the defendant in his first, second and third grounds of demurrer. If these letters be, as is likely, but initials of names, it should have been pleaded in abatement as a misnomer.
It might be sufficient to say, on the fourth ground, that it does not appear from the declaration that the defendant, F. Ludecus, the endorser, is the wife of E. Ludecus, the drawer of the note. But if it did, that could make no difference. The defendant, even if she could make no binding contract with her husband, was capable in law to bind herself to a third person: she endorsed the note to the plaintiffs, and in doing so incurred the liability of an endorser. As such she would be bound, even if the note was void as between the maker and the payee. In an action by the endorsee against the endorser, the genuineness of the note need not be proved. It is unnecessary to prove the signature of the drawer. It is sufficient to prove the endorsement by the defendant.
The fifth ground assumes that the plaintiff was bound to aver that the defendant’s liability arose by virtue of the statute. It is *330 not certain that the defendant’s liability does depend on the statute. There is authority for saying she would have been liable on the law merchant independent of the statute of Anne. But whether this be so or not, I think there is no doubt that the source of her liability, whether by statute or the common law, need not be stated. Jt is sufficient for the plaintiff to set out a sufficient cause of action in his declaration, and whether that arises out of a statute, or by the common law, is very immaterial. The declaration in this case was according to the concise form now used in England, and this we think sufficient.
As to the ground for a new trial, the defendant can take nothing by that. It was, as before stated, wholly immaterial whether the defendant was the wife of E. Ludecus. When the demurrer was overruled, the plaintiff had a right to execute a writ of enquiry, on which the only question was the amount of damages, and to this point the questions proposed were wholly irrelevant.
The motion is dismissed, on all the grounds.
Wardlaw; Frost, Withers and Whitner, JJ. concurred.
O’Neall, J. absent at the argument.

Motion dismissed.